DOCKET NO. 686

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE REPUBLIC MINERAL CORPORATION SECURITIES LITIGATION

TRANSFER ORDER

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 16 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

This litigation consists of two actions pending in two federal districts:  one action each in the Western District of Wisconsin and District of Nevada.  Before the Panel is a motion by several defendants in both actions to transfer, pursuant to 28 U.S.C §1407, the Wisconsin action to the District of Nevada for coordinated or consolidated pretrial proceedings with the action pending there. Plaintiffs in both actions as well as one third-party defendant oppose transfer.

On the basis of the papers filed[1]/, we are persuaded that these actions involve common questions of fact and that centralization under Section 1407 in the District of Nevada will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  The actions arise from alleged securities law violations by defendants in connection with the sale of fractional undivided working interests in oil and gas leases in at least sixteen drilling projects.  Centralization under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Nevada is the appropriate transferee forum.  We note that most parties are already involved in the Nevada action.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Western District of Wisconsin be, and the same hereby is, transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Lloyd D. George for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:*

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

---

*   Judges Robert H. Schnacke and Louis H. Pollak dissent from this decision of the Panel.

    The parties waived oral argument and accordingly the question of transfer of these actions under Section 1407 was submitted on the briefs.  Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 278-84 (1981).

SCHEDULE A

Western District of Wisconsin

William Skemp, et al. v. Republic Mineral Corp., et al.,
C.A. No. 85-C-883-S

District of Nevada

Paul Bronken, et al. v. Republic Mineral Corp., et al.,
C.A. No. CV-LV-85-545-LDG

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 686

MAY 20 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE REPUBLIC MINERAL CORPORATION SECURITIES LITIGATION

ORDER DENYING MOTION FOR RECONSIDERATION*

On April 16, 1986, the Panel centralized the two actions in this litigation in the District of Nevada, and, with the consent of that court, assigned them to the Honorable Lloyd D. George for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. In re Republic Mineral Corporation Securities Litigation, MDL-686 (J.P.M.L., filed April 16, 1986)(unpublished order).

Presently before the Panel is a motion by the original movants for the Panel to reconsider its decision centralizing these actions in the District of Nevada and, instead, to transfer the Nevada action to the Western District of Wisconsin for centralized pretrial proceedings with the action originally filed there. The Panel has fully considered this motion on the basis of the papers submitted,[1] and the Panel finds that no new grounds have been presented to justify reconsideration of its order centralizing these actions in the District of Nevada.

IT IS THEREFORE ORDERED that the motion for reconsideration be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

* Judge Robert H. Schnacke took no part in the decision of this matter.

[1] The Panel has deemed this motion submitted on the basis of the papers filed. See Rule 13(b), R.P.J.P.M.L., 89 F.R.D. 273, 282 (1981).